UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JORDAN DOE, by and through   )
his next Friend and Parents,   )
  )
           Plaintiff,   )    CIVIL ACTION NO.
  )    1:13-CV-13155-DPW
  )
         v.   )
  )
BOSTON PUBLIC SCHOOLS,   )
  )
         Defendant.   )

MEMORANDUM
January 23, 2015

Plaintiff Jordan Doe ("Doe"), through his parents, brings this action to recover attorneys' fees arising from an administrative proceeding in which he prevailed before the Massachusetts Division of Administrative Law Appeals, Bureau of Special Education Appeals ("BSEA"), pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.* and Mass. Gen. Laws ch. 71B.[1] The defendant Boston Public Schools ("Boston") filed a motion to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a cause of action upon which relief may be granted.

---

[1] As I have observed, "Massachusetts implements and supplements the federal requirements found in the IDEA through [ch. 71B]." *Sudbury Public Schools* v. *Mass. Dep't of Elementary and Secondary Education*, 762 F.Supp.2d 254, 257 (D. Mass. 2010). For purposes of this action only the attorneys' fees provision of the IDEA is at issue.

Specifically, Boston maintains that Doe's request for attorneys' fees was required to be filed within 30 days of the conclusion of the underlying proceedings and – since it was not – is consequently time-barred.  Doe opposed Boston's motion, arguing that the proper statute of limitations period is three years. After reconsidering my earlier adoption of the position taken by Boston, I informed the parties at the Scheduling Conference in this matter that I am now of the view that a three-year limitations period is appropriate and accordingly denied Boston's motion.  This Memorandum provides a detailed discussion of my decision.

## I. THE IDEA

Congress passed the IDEA in 1975 in order to address the concern that children with disabilities in the United States "were either totally excluded from schools or [were] sitting idly in regular classrooms awaiting the time when they were old enough to 'drop out.'" H.R. Rep. No. 94-332, p. 2 (1975), quoted in *Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist., Westchester Cnty. et al.* v. *Rowley*, 458 U.S. 176, 179 (1982).  Under the Act, States receive federal financial assistance to implement programs which "ensure that all children with disabilities have available to them a free appropriate public education ["FAPE"] that emphasizes special education . . . designed to meet their unique

needs and prepare them for further education, employment, and independent living." 20 U.S.C. § 1400(d)(1)(A).

Each child with a disability is to have his own individualized educational program ("IEP"), a written evaluation, statement of objectives, and description of the educational services to be provided to the child, "prepared at a meeting between a qualified representative of the local educational agency, the child's teacher, the child's parents or guardian, and, where appropriate, the child." *Rowley*, 458 U.S. at 182.  If there is a proposed change to the "identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to the child," it must be communicated to child's parents or guardian. 20 U.S.C. § 1415(b)(3)(B).

The parents or guardian may seek a hearing by the state educational agency regarding these findings, *id*. at § 1415(f)(1)(A), and judicial review of the agency's decision is available.  *Id*. at § 1415(i)(2)(A).  Under the Handicapped Children's Protection Act of 1986, a court is permitted to "award reasonable attorneys' fees as part of the costs to a prevailing party who is the parent of a child with a disability." 20 U.S.C.

§ 1415(i)(3)(B).[2]  It is this provision which is in controversy
through the motion before me.

## II. THE BACKGROUND

### A.  *Facts*

As recounted in the July 23, 2013 Order ("July 23, 2013
Order") issued by the BSEA, the state educational agency ruling
which is the predicate for Doe's status here as a prevailing
party, Doe was a seven-year-old autistic child who lives with his
parents and siblings in Boston, MA.  He attends Lee Academy, a
Boston public school, where he has received special education
services since he was three years old.  "Consistent with his
diagnosis of autism, [he] has difficulty with communication,
attention, and social interaction . . . tend[ing] to be self-
directed and . . . usually not able to engage in age-appropriate
reciprocal play with other children." (July 23, 2013 Order at
6).  Boston does not dispute that these disabilities qualify Doe
for special education under the IDEA. *Id.*

In January 2009, Boston issued its first IEP for Doe,
recommending that he be placed in a "substantially separate early

---

[2] The four year statute of limitations enacted by Congress
in 1990 and codified in 28 U.S.C. § 1658 for civil actions
arising under an Act of Congress is not applicable because it
governs only causes of action created by Congress after December
1, 1990.  *See generally Jones* v. *R.R. Donnelley & Sons, Co.*, 541
U.S. 369 (2004).  The cause of action for attorneys' fees
predates 1990, having been provided under the Handicapped
Children's Protection Act of 1986.

childhood classroom . . ., together with pullout services in speech/language and occupation therapy and 60 minutes/day, 4 days per week of individual ABA [Applied Behavioral Analysis] services." *Id.* at 7.  Doe's parents were satisfied with the proffered services and did not object at that time.

Over the next several years, there were successive iterations of the IEP for Doe.  The IEP revisions involved interactions between Boston and Doe's parents during which various experts were engaged. This history is recounted fully in the BSEA's July 23, 2013 Order.  As pertinent to the motion before me, on April 11, 25, 26, May 7 and 8, 2013, an administrative hearing requested by Doe's parents took place at the office of the BSEA in Boston, MA. *Id.* at 3.  Doe's parents requested that Boston fund their child's placement at Confidence Connection, a clinic and school for autistic children in Needham, Massachusetts, or, in the alternative, increase the number of Doe's ABA hours from fifteen to twenty or thirty per week.  *Id.* Boston contended that placement at Confidence Connection or an increase in ABA hours was unnecessary, insofar as Doe was making sufficient progress in his current program at Lee Academy. *Id.*

In the July 24, 2013 Order, Sara Berman, the Hearing Officer at the BSEA, granted the alternative request of Doe's parents that Doe be provided with thirty hours of ABA services per week beginning the next academic year. *Id.* at 18.  She also instructed

Boston to "ensure close coordination between the ABA providers and classroom teachers, facilitation of social interactions, appropriate data collection and analysis, and supervision by appropriately credentialed personnel." *Id.*

## B.  Procedural History

Doe alleges in his complaint that Boston did not fully comply with the BSEA's July 24, 2013 Order until November 2013. Although Boston had ninety days from the issuance of the Order to file an appeal, 20 U.S.C. § 1415(i)(2)(B), it did not do so by October 24, 2013.  On December 13, 2013, Doe's parents filed this action on behalf of their son, requesting attorneys' fees arising from the BSEA hearing.  Boston responded by contending that the action is time-barred.

### III. THE STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007)).

To assert a statute of limitations defense successfully in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6),

"the facts establishing that defense must: 1) be definitively ascertainable from the complaint and other allowable sources of information, and 2) suffice to establish the affirmative defense with certitude." *Gray* v. *Evercore Restructuring, LLC*, 554 F.3d 320,324 (1st Cir. 2008).  "Where the dates included in the complaint show that the limitations period has been exceeded and the complaint fails to 'sketch a factual predicate' that would warrant the application of either a different statute of limitations period or equitable estoppel, dismissal is appropriate." *Trans-Spec Truck Serv., Inc.* v. *Caterpillar, Inc.*, 524 F.3d 315, 320 (1st Cir. 2008).

## IV. DISCUSSION

Both parties recognize that the IDEA does not provide a specific limitations period for attorneys' fees claims.  "Where no federal statute of limitations is provided, federal courts adopt the most analogous state statute of limitations in the forum state." *B.D. ex. rel. Doucette* v. *Georgetown Pub. Sch. Dist.*, No. 11-10692-DPW, 2012 WL 4482152, at *6 (D. Mass. Sept. 27, 2012).

When considering in *Doucette* the issue now under review, I adopted a thirty-day statute of limitations, reasoning that the Massachusetts Administrative Procedure Act, Mass. Gen. Laws ch. 30A, § 14, is most analogous to a claim for attorneys' fees arising under the IDEA. *Doucette*, 2012 WL 4482152 at *9.  Boston

-7-

sought to have me reaffirm that approach in this case.   In
contrast, Doe asked me to reconsider my past judgment and apply
the three-year statute of limitations adopted by Judge Zobel in
*Anthony F.* v. *School Committee of City of Medford*, No. 04-10610-
RWZ, 2005 WL 1262090 (D. Mass. April 22, 2005) (holding that the
Massachusetts Torts Claims Act, Mass. Gen. Laws ch. 258, § 4 was
most appropriate to govern attorneys' fees claims under the
IDEA).   I conducted a reevaluation of legal principles addressing
this issue – which remains unsettled in the First Circuit – and
now conclude, contrary to my earlier view, that the proper
statute of limitations period for an attorneys' fees claim
arising under the IDEA is three years, not thirty days, although
I look to a different statute than that relied upon by Judge
Zobel to provide the limitations period.   Since my oral
announcement of a change of opinion regarding the proper statute
of limitations for IDEA attorneys' fees, Judge Mastroianni, in a
very thoughtful opinion, has joined Judge Zobel's approach.
Although the three of us now adopt the three-year period, my
somewhat different approach appears to require some explanation.

## 1.   Circuit Split

I begin by noting that the circuits remain divided as to the
appropriate statute of limitations to apply to a claim for
attorneys' fees pursuant to the IDEA.   One District Court has
suggested that the core of the "prominent division among courts

lies in determining whether the action [for attorneys' fees] is ancillary to, or independent from, the underlying administrative proceeding." *Wilson* v. *Gov't of Dist. of Columbia*, 269 F.R.D. 8, 16 (D.D.C. 2010).  This characterization has proved significant, because "[c]ourts that find an action for attorneys' fees independent from the underlying IDEA administrative proceedings assign a longer statute of limitations period, often periods spanning several years, whereas courts finding an action for attorneys' fees ancillary to the underlying IDEA administrative proceedings assign shorter statute of limitations periods comparable to a period applied to judicial review of the administrative proceeding itself." *Id.* at 16-17.

The "Sixth and Seventh Circuits have held that actions for attorneys' fees under the IDEA are ancillary to the judicial review of the administrative proceedings and should therefore be governed by [a] statute dealing with judicial review of state agencies." *Meridian Joint Sch. Dist. No. 2* v. *D.A.*, No. 1:11-cv-00320-CWD, 2013 WL 3270424, at *16 (D. Idaho June 25, 2013) (citing *King* v. *Floyd Cnty. Bd. of Educ.*, 228 F.3d 622 (6th Cir. 2000) ("applying Kentucky's thirty-day limitations period governing review of agency decisions to attorneys' fees case under the IDEA") and *Powers* v. *Indiana Dep't of Educ.*, 61 F,3d 552 (7th Cir. 1995)("applying thirty-day state law limitations

period governing judicial review of an administrative decision in a special education matter")).

The Eleventh Circuit, in contrast, has "concluded that a claim for attorneys' fees [in the IDEA setting] is more analogous to an independent action predicated on statutory liability than an appeal of an agency decision. . . ." *Meridian*, 2013 WL 3270424, at *16 (citing *Zipperer* v. *Sch. Bd. of Seminole Cnty.*, 111 F.3d 847 (11th Cir. 1997)).  The Ninth Circuit, although it has not expressly ruled on this question, seems to agree, holding that "the IDEA authorizes an action solely to recover attorneys' fees and costs, even if there has been no administrative or judicial proceeding to enforce a student's rights under the IDEA." *P.N.* v. *Seattle Sch. Dist.*, 474 F.3d 1165, 1169 (9th Cir. 2007).

It bears emphasizing that the Supreme Court last year underscored the separateness of a ruling on a requested award for attorneys' fees from the underlying merits judgment.  *Haluch* v. *Central Pension Fund*, 134 S.Ct. 773 (2014).  In *Haluch*, the court ruled that the pendency of a ruling on attorneys' fees does not, as a general rule, prevent the merits judgment from becoming final for purposes of separate appeal.  *Haluch* suggests that labeling pursuit of attorneys' fees as ancillary to or independent from an underlying proceeding on the merits may

-10-

obscure the limitations issues circumscribing an attorneys' fees
lawsuit.

## 2.   First Circuit

Although the First Circuit has yet to take a definitive
position in this debate, it has articulated "three IDEA policy
goals" to consider when determining the appropriate statute of
limitations for attorneys' fees under the IDEA.  They are "the
parental interest in participation, the school's interest in
speedy resolution of disputes, and the child's interest in
receiving education entitlement." *Nieves-Marquez* v. *Comm. of
Puerto Rico*, 353 F.3d 108, 119 (1st Cir. 2003).

In *Doucette*, I reasoned that a shorter statute of
limitations would not impinge upon the first policy goal,
parental interest in participation, since "an action for
attorneys' fees will necessarily be filed only by parents
represented by counsel." *Doucette*, 2012 WL 4482152 at *9.  I also
concluded that a shorter statute of limitations would encourage
parents to file claims promptly, and thus advance the school's
interest in speedy resolution of disputes. *Id.*  With respect to
the third goal, I observed that the "prevailing party"
requirement of 20 U.S.C. § 1415(i)(3)(B) meant that "by the time
the attorneys' fees dispute becomes ripe, the child will have
already received a decision regarding whatever educational
benefits he or she is entitled to receive." *Id.*

After consideration of the three policy goals identified by
the First Circuit, I concluded in *Doucette* that the thirty-day
statute of limitations provided by the Massachusetts
Administrative Procedures Act, Mass. Gen. Laws ch. 30A, § 4 was
the state statute of limitations most analogous to a claim for
attorneys' fees arising under the IDEA. I found that "although a
suit for attorneys' fees may be a separate cause of action, the
basis for that suit and its genesis are in the substantive
decisions of the agency below." *Id*.  Consequently, "the 30-day
statute of limitations applicable to judicial review of agency
actions. . . seem[ed] to be the most appropriate of available
analogues." *Id*.

My application of a thirty-day statute of limitations to an
IDEA claim for attorneys' fees took a different tack than that in
an earlier decision by my colleague, Judge Zobel, who held in
*Anthony F.* v. *School Committee of City of Medford* that "the law
governing claims against state entities [under the Massachusetts
Tort Claims Act], which has a three-year statute of limitations.
. . provides the best analogy to the parents' right to seek
attorneys' fees under the IDEA." *Anthony F.*, 2005 WL 1262090 at
*1.  In her opinion, she concluded with respect to the first
consideration that a longer limitations period would "eliminate a
potential barrier to reimbursement. . . and encourage and better
enable parents to retain competent counsel" for participation in

IDEA proceedings. *Id.* at *2. Regarding the second policy goal – the school's interest in the speedy resolution of disputes – she dismissed the concern that a long statute of limitations would be an impediment, stating that "attorneys who represent IDEA plaintiffs, will, of their own initiative, seek speedy determination of fees claims, regardless of the limitations period." *Id.* She also suggested in connection with the third consideration that a shorter statute of limitations could cause, in derogation of the child's interests in unwavering attention to his underlying interests, an attorney to "divide attention and energy between the child's substantive educational claims and her own need to obtain payment for services rendered." *Id.* Choosing between the only alternatives advanced by the partes – the three-year statute of limitations under the Massachusetts Tort Claims Act for which the plaintiffs contended and the 30-day statute of limitations under the Administrative Procedures Act – Judge Zobel chose the three-year limitations period.

More recently, Judge Mastroianni addressed these issues in *Mary G-N* v. *City of Northhampton*, 2014 WL 6481953 (D. Mass. 2014). He, like Judge Zobel, concluded that "the three year limitations period for claims brought against state actions, found in the Massachusetts Tort Claims Act, Mass. Gen. Laws ch. 260, § 4 [should] be adopted for attorneys' fees action under the IDEA," *Id.* at *5. He concluded that "adopting a state

limitations period for administrative appeals favors the schools interest in a prompt resolution without acknowledging the potential costs to parents and students." *Id.*

### 3.   Analysis

I was prompted by this case to reconsider the broad concerns addressed by the federal courts when called upon to craft a statute of limitations for a cause of action when Congress has failed to do so.   The First Circuit early recognized in the wake of the Supreme Court's decision in *Wilson* v. *Garcia*, 471 U.S. 261, 266-67 (1985) that the

> law was clear that, when Congress had not established a time limitation for a federal cause of action, a local limitations period was to be adopted as federal law so long as it was not inconsistent with federal law or policy to do so . . . .   That practice demanded the application of state personal injury statues of limitations in [civil rights] suits.

*Johnson* v. *Rodriguez*, 943 F.2d 104, 107 (1st Cir. 1991).   The First Circuit noted that under Massachusetts law the statute of limitations for personal injury claims, Mass. Gen. Laws ch. 260, § 2A, provided a three-year period for the commencement of such a federal civil rights suit.

Careful analysis focused on the specific facts of this case now persuades me that a three-year limitations period generally applicable to civil rights actions in Massachusetts – where no statute of limitations period has been provided by Congress – is most consistent with the purpose and policy goals of the IDEA.

-14-

As to purpose, "Congress sought to encourage, assist, and make whole 'those [parents] and attorneys who worked to vindicate the rights of handicapped children'" through 20 U.S.C. § 1415(i)(3)(B), which authorizes payment of attorneys' fees to a prevailing parent or guardian. *Meridian*, 2013 WL 3270424 at *10 (quoting *Counsel* v. *Dow*, 849 F.2d 731, 739 (2d Cir. 1988) (emphasis omitted)).  Previously, I concluded that this purpose, which is analogous to the First Circuit's first policy goal of parental participation, was not harmed by a thirty-day statute of limitations.  Inasmuch as it would apply only to those parents who had already retained an attorney, I determined that parental participation was not affected. *Doucette*, 2012 WL 4482152 at *9.  However, I did not adequately consider that such a short limitations period might "discourage parents from invoking their rights under the IDEA," *Meridian*, 2013 WL 3270424 at *10, and could conversely encourage schools to engage in foot-dragging that would distract both parents and attorneys from pursuing attorneys' fees within the limitations period.  Such circumstances undermine the policy of the fee-shifting statute, perversely advantaging the school at the expense of full vindication of the rights of the child with disabilities and his parents in any dispute.  In any event, the short statute of limitations can lead to unnecessary gamesmanship and jockeying between the parties regarding collateral matters.

The facts of this case as alleged in the complaint
illustrate these concerns.  On July 24, 2013, the BSEA handed
down its decision, finding that Doe had not been provided with a
"free appropriate public education" and ordering Boston to
increase Doe's ABA services to thirty hours per week.  Boston,
however, did not fully comply until November 2013, four months
after the BSEA Order and well into Doe's school year. The
pleadings may fairly be read to allege that as a result of
Boston's delay, Doe (through his parents) and his attorney chose
to concentrate their attention upon the implementation of the
Order, rather than pursuing a request for attorneys' fees within
the thirty-day period advocated by Boston.

Senator Williams, the IDEA's principal architect, identified
the potential for delay to undermine the substantive purposes of
the IDEA:  "I cannot emphasize enough that delay in resolving
matters regarding the education program of a handicapped child is
extremely detrimental to his development." *P.M.* v. *Evans-Brant
Cent. Sch. Dist.*, No. 09-CV-686S, 2012 WL 42248 at *6 (W.D.N.Y.
Jan. 9, 2012) (quoting 121 Cong. Rec. 37, 416 (1975)).

By contrast, "[t]he need for this urgency is noticeably
absent in an application for attorneys' fees." *Evans-Brant*, 2012
WL 42248 at *6.  As previously recognized by Judge Zobel,
attorneys have an interest in pursuing the collection of their

fees once their services are no longer required. *Anthony F.*, 2005 WL 1262090 at *2.

Counsel for the plaintiff candidly added a bit to an understanding of this interest by explaining that attorneys' fees were not sought earlier for fear that it would make efforts to implement the Hearing Officer's decision more difficult and to avoid an appeal.  Whatever the strategic dimensions of the analysis, it is better that the substantive question come first before attorneys' fees are considered, in order that the two issues not be conflated and the attendant potential of conflict of interest between client and attorney in reaping benefits from the litigation be avoided.  In all events, lawyers are unlikely to sit on their hands once the time is ripe to seek attorneys' fees.

I am influenced as well by a refinement in conceptual approach I failed to recognize in *Doucette* regarding the most analogous state statute of limitations in light of the decision-making forum established for fee awards.  This has suggested to me that the three-year Massachusetts statute of limitations established, for example, for personal injury actions, Mass. Gen. Laws ch. 260, § 2A, for actions under the Massachusetts Tort Claims Act, Mass. Gen. Laws ch. 258, § 4, and as to civil rights under Mass. Gen. Laws ch. 260, § 5B, to be a more appropriate comparison to claims for attorneys' fees under

the IDEA than is the Massachusetts Administrative Procedure Act.

This court sits to provide judicial review of agency action on the substantive claim for IDEA services.  Unlike the substantive claim, however, it is only the district court, a judicial forum, rather than the BSEA, an administrative agency, that has jurisdiction to award fees in the first instance.  *See B.K.* v. *Toms River Bd. of Educ.*, 998 F.Supp. 462, 470 (D.N.J. 1998); *Zipperer* v. *Sch. Bd. of Seminole Cnty.*, 111 F.3d 847 (11th Cir. 1997) ("the grounds upon which relief may be granted, the nature of the proceedings, and the scope of review differ.")  The district court must first determine if the parent or guardian is the prevailing party regarding the agency action, and only then award whatever fees it deems to be reasonable.  *Curtis K.* v. *Sioux City Cmty. Sch. Dist.*, 895 F.Supp. 1197, 1208-09 (N.D. Iowa 1995).

Courts in an administrative review action accord substantial deference to the administrative agency's findings.  *See Rowley*, 458 U.S. at 202.  An IDEA claim for attorneys' fees is essentially an independent cause of action employing *de novo* fact finding and independent legal analysis uninflected by doctrines of deference to an administrative agency; it is not a review of an administrative decision regarding a measure of compensation for interference with significant civil rights.  As a result, the Massachusetts statute governing civil rights actions appears to

-18-

me the most analogous to an attorneys' fees claim under the IDEA[3]
and I have abandoned my previous use of the statute of
limitations for the Massachusetts Administrative Procedure Act.

### V. CONCLUSION

After reconsidering the purpose and policy goals of the
IDEA, I am convinced that the school's interest in a speedy
conclusion of the dispute and hence, a thirty-day statute of
limitations, is substantially outweighed by the importance of
ensuring a "free appropriate public education" for children with
disabilities and the ability of their parents to avail themselves
of full legal recourse to that end.  An excessively short
limitations period for their pursuit, after prevailing on the
merits, of their right to attorneys' fees would impede full
recourse to their legal rights.  I am persuaded that the most
analogous state statute of limitations is three years, pursuant
to the Massachusetts statute of limitations for civil rights
actions, Mass. Gen. Laws ch. 260, § 5B, which best fits the

---

[3] I recognize that Judge Zobel in *Anthony F.* relied upon the
statute of limitations for the Massachusetts Tort Claims Act,
another state statute designed to vindicate the rights against
government misconduct.  In choosing the statute of limitations,
Judge Zobel chose the most functionally appropriate between the
two alternatives pressed by the parties.  The parties before me
have offered the same alternatives.  On reflection, however, I
find the Massachusetts civil rights statute of limitations a
better conceptual fit than the alternative presented.  And while
the result is the same whether the Tort Claims Act or the Civil
Rights Act limitations period is adopted it seems appropriate to
identify the attorneys' fees claims as essentially a civil rights
claim.

pursuit of attorneys' fees to vindicate their rights. Consequently, in this case I concluded that Doe's request for attorneys' fees arising from the administrative proceeding at the BSEA in which he prevailed is not time-barred and for that reason I have DENIED Boston's motion to dismiss the complaint.

*/s/ Douglas P. Woodlock*
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT